IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PERCY JOE FISHER,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:13CV429<br>4:94CR137-3 |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted what is labeled as a "Motion for Recommendation and Statement of Reasons Rule 36 Fed. R. Crim. P." (Docket Entry 264). Rule 36 of the Federal Rules of Criminal Procedure allows for correction of clerical errors in criminal judgments or orders. However, Petitioner points to no clerical error. Instead, he seeks to attack a sentencing enhancement that he received in this Court, alleges that the Bureau of Prisons erroneously excluded him from a rehabilitation program that would allow him early release, and asks the Court for a letter recommending that he be included in that program. Because, in part, Petitioner seeks to attack the sentence he received in this Court, the Court docketed his filing as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. To the extent that the filing is such a Motion, it cannot be further processed because the Court's records reveal that Petitioner previously attacked the same sentence and

conviction in a prior § 2255 Motion (Case No. 4:94CV905). Consequently, Petitioner must move in the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current Motion. This is required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 10/07), Instructions, ¶ (4), which is enclosed. Because of this pleading failure, this particular Motion should be filed and then dismissed.

To the extent that Petitioner challenges the actions of the Bureau of Prisons in excluding him from the rehabilitation program, that claim is not properly filed in this Court. Generally, filings challenging the execution or computation, as opposed to the validity or legality, of the conviction or sentence, must be made under 28 U.S.C. § 2241. See, e.g., Youngworth v. United States Parole Commission, 728 F. Supp. 384, 388 (W.D.N.C. 1990). Further, in a § 2241 action challenging the execution of the sentence of a petitioner who is in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). Therefore, to the extent that Petitioner seeks to challenge the execution of his sentence, any dismissal should be without prejudice to his filing a petition under § 2241 in the proper district.

Finally, Petitioner seeks a letter of recommendation that he be included in the Bureau of Prison's Rehabilitation program. The Court notes that the original sentencing judge in Petitioner's case is not only retired, but also deceased. This leaves the matter to the

discretion of the United States District Judge now handling Petitioner's case and is a decision that is outside the scope of this Recommendation.

IT IS THEREFORE RECOMMENDED that, to the extent that this action should be filed under 28 U.S.C. § 2255, it be dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS FURTHER RECOMMENDED that, to the extent that this action should be filed under 28 U.S.C. § 2241, it be dismissed without prejudice to Petitioner filing a petition in the proper district.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 4th day of June, 2013.

_____
Joe L. Webster
United States Magistrate Judge